### JENKS VS. THE STATE.

A writ of error will not lie to a judgment which is interlocutory, as a judgment of *respondeat ouster* on a plea in abatement to an indictment.

A writ of error will lie only upon a final judgment.

ERROR to the Municipal Court for *Milwaukee* County.

The case is sufficiently stated in the opinion of the court.

*E. Fox Cook*, for the plaintiff in error.

*Winfield Smith*, Attorney General, for the defendant in error.

*By the Court*, DIXON, C. J. Upon examining the roll in this case, we find that there has been no final judgment. The defendant (plaintiff in error) pleaded in abatement to the indictment, that it was not found and returned by a grand jury summoned and organized according to law. To this plea there was a demurrer by the district attorney, and a rejoinder by the defendant. The plea was determined to be insufficient, and judgment of *respondeat ouster* was entered. The defendant then pleaded not guilty, and pending that issue sued out this writ of error. The cause was continued to a subsequent term and the papers returned to this court. The judgment upon which error is brought, must be final and not merely interlocutory. 1 Arch. Prac., 825; 2 Burrill id., 132. Judgment of *respondeat ouster* is interlocutory. 3 Black. Com., 396.

The writ of error is dismissed.